## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

                        **Plaintiff,**

              v.

LAWRENCE P. SCHMIDT; FUTUREGEN
COMPANY d/b/a FUTUREGEN CAPITAL;
COMMERCIAL EQUITY PARTNERS, LTD.;
FGC DISTRESSED ASSETS INVESTMENT #1,
LLC; FUTUREGEN CAPITAL DDA CG FUND
LLC; FGC TAX LIEN FUND #2, LLC; FGC
TRADING FUND #1 LLC; FGC SPE NO 1 LLC;
FGC SPE NO 2 LLC; AND FGC CM NOTE
FUND LLC,

                        **Defendants.**

Case No. 1:14-cv-01002 (CRC)

8:14mc56

## ORDER ESTABLISHING RECEIVERSHIP ESTATE AND
## APPOINTING A RECEIVER

    **WHEREAS** this matter has come before this Court upon motion of the Plaintiff

Securities and Exchange Commission ("SEC", "Commission" or "Plaintiff") to appoint a

receiver in the above-captioned action; and,

    **WHEREAS** the Court finds that, based on the record in these proceedings, the

appointment of a receiver in this action is necessary and appropriate for the purposes of

marshaling and preserving all assets of the Defendants that: (a) are attributable to funds derived

from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants;

(c) were fraudulently transferred by the Defendants; and/or (d) may otherwise be includable as

assets of the estates of the Defendants (collectively, the "Receivership Assets" or "Receivership Estate"); and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** Plaintiff's Motion is **GRANTED. IT IS FURTHER ORDERED AS FOLLOWS:**

1. This Court hereby takes exclusive jurisdiction and possession of the Receivership Assets, including but not limited to, assets of whatever kind and wherever situated, of the following Defendants: FutureGen Company d/b/a FutureGen Capital; Commercial Equity Partners, Ltd.; FGC Distressed Assets Investment #1, LLC; FutureGen Capital DDA CG Fund LLC; FGC Tax Lien Fund #2, LLC; FGC Trading Fund #1 LLC; FGC SPE No 1 LLC; FGC SPE NO 2 LLC; and FGC CM Note Fund LLC (collectively, the "Receivership Defendants").

2. Until further Order of this Court, Marion A. Hecht of CliftonLarsonAllen, LLP is hereby appointed to serve without bond as receiver (the "Receiver") to assume control of, marshal, pursue, and preserve the Receivership Assets.

2

## I.
## Asset Freeze

3.      Except as otherwise specified herein, all Receivership Assets are frozen until

further order of this Court.  Accordingly, all persons and entities with direct or indirect control

over any Receivership Assets, other than the Receiver, are hereby restrained and enjoined from

directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning,

liquidating or otherwise disposing of or withdrawing such assets.  This freeze shall include, but

not be limited to, Receivership Assets that are on deposit with financial institutions such as

banks, brokerage firms and mutual funds.

## II.
## General Powers and Duties of Receiver

4.      The Receiver shall have all powers, authorities, rights and privileges heretofore

possessed by the officers, directors, managers, general and limited partners, and members and

managing members of the Receivership Defendants under applicable state and federal law, by

the governing charters, by-laws, articles and/or agreements in addition to all powers and

authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28

U.S.C. §§ 754, 959 and 1692, and Federal Rule of Civil Procedure 66.

5.      The trustees, directors, officers, managers, employees, investment advisors,

accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and

the powers of any general partners, managing members, directors and/or managers are hereby

suspended.  Such persons and entities shall have no authority with respect to the Receivership

Defendants' operations or the Receivership Assets, except to the extent as may hereafter be

expressly granted in writing by the Receiver.  The Receiver shall assume and control the

operation of the Receivership Defendants and shall pursue and preserve all of their claims,

including claims against the assets of all Defendants.

6.      No person holding or claiming any position of any sort with any of the

Receivership Defendants shall possess any authority to act by or on behalf of any of the

Receivership Defendants.

7.      Subject to the specific provisions in Sections III through XVI, below, the

Receiver shall have the following general powers and duties:

A.      To use reasonable efforts to determine the nature, location and value of all
Receivership Assets, including, but not limited to, monies, funds,
securities, credits, effects, goods, chattels, lands, premises, leases, claims,
rights and other assets, together with all rents, profits, dividends, interest
or other income attributable thereto, of whatever kind, which the
Defendants own, possess, have a beneficial interest in, or control directly
or indirectly;

B.      To take custody, control and possession of all Receivership Assets and
records relevant thereto from the Defendants and other parties regarding
Receivership Assets; to sue for and collect, recover, receive and take into
possession from third parties all Receivership Assets and records relevant
thereto;

C.      To manage, control, operate and maintain the Receivership Assets and
hold in her possession, custody and control all Receivership Assets,
pending further Order of this Court;

D.      To use Receivership Assets for the benefit of the Receivership Estate,
making payments and disbursements and incurring expenses as may be
necessary or advisable in the ordinary course of business in discharging
her duties as Receiver;

E.      To take any action which, prior to the entry of this Order, could have been
taken by the officers, directors, partners, managers, trustees and agents of
the Receivership Defendants, except paying debts or monies owed before
June 16, 2014, including for services rendered before that date, absent
permission from the Court;

F.      Upon approval of the Court, to engage and employ persons in her
discretion to assist her in carrying out her duties and responsibilities
hereunder, including, but not limited to, accountants, attorneys, securities
traders, registered representatives, financial or business advisers,
liquidating agents, real estate agents, forensic experts, brokers, traders or
auctioneers;

G.      To take such action as necessary and appropriate for the preservation of

4

Receivership Assets or to prevent the dissipation or concealment of Receivership Assets;

H.   The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.   To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver;

J.   To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Assets or the Receivership Estate;

K.   To establish and operate a website for the Receivership, to facilitate dissemination of information to investors and for such other purposes as the Receiver deems appropriate and in the interest of the Receivership Estate; and,

L.   To take such other action as may be approved by this Court.

## III.
## Access to Information

8.   The Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, managing members and members, trustees, attorneys, accountants and employees of the Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Assets; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9.   Within ten (10) days of the entry of this Order, the Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Assets; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known

5

creditors of the Receivership Defendants, for the period May 1, 2008 through the present.

10.     Within thirty (30) days of the entry of this Order, the Defendants shall file with

the Court and serve upon the Receiver and the Commission a sworn statement and accounting,

with complete documentation, covering the period from May 1, 2008 to the present:

A.     Of all Receivership Assets, wherever located, held by or in the name of the Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all safety deposit boxes, securities, investments, funds, real estate, automobiles, jewelry and all other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B.     Identifying every account at every bank, brokerage or other financial institution: (a) over which Defendants have or had signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Defendants;

C.     Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.     Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.     Of all funds received by the Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G.     Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity;

H.     Of all transfers of assets made by any of them; and

6

I.     Of all claims or prospective claims against the Receivership Defendants and/or the Receivership Assets, including without limitation the amount of the claim and/or prospective claim, and the names, addresses, and contact information of claimants or prospective claimants, and including without limitation any claims of the Receivership Defendants against Receivership Assets.

11.     Within thirty (30) days of the entry of this Order, the Defendants shall provide to the Receiver and the Commission copies of the Defendants' federal income tax returns for the period May 1, 2008 through the present with all relevant and necessary underlying documentation.

12.     The Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, managing members and members, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

13.     The Receiver is authorized to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Federal Rule of Civil Procedure 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

14.     The Defendants and those persons identified in paragraph 12 above are required to assist the Receiver in fulfilling her duties and obligations. As such, they must respond

7

promptly and truthfully to all requests for information and documents from the Receiver.

## IV.
### Access to Books, Records and Accounts

15.    The Receiver is authorized to take immediate possession of all Receivership

Assets, including assets, bank accounts or other financial accounts, books and records and all

other documents or instruments relating to the Receivership Defendants.  All persons and entities

having control, custody or possession of any Receivership Assets are hereby directed to turn

such property over to the Receiver.

16.    The Defendants, as well as their agents, servants, employees, attorneys, any

persons acting for or on behalf of the Defendants, and any persons receiving notice of this Order

by personal service, facsimile transmission or otherwise, having possession of the property,

business, books, records, accounts or assets of the Receivership Defendants and/or Receivership

Assets are hereby directed to deliver the same to the Receiver, her agents and/or employees.

17.    All banks, brokerage firms, financial institutions, and other persons or entities that

have possession, custody or control of any assets or funds held by, in the name of, or for the

benefit of, directly or indirectly, of any Defendant, or in which any Defendant, directly or

indirectly, maintained or maintains and/or exercised or exercises control, and that receive actual

notice of this Order by personal service, facsimile transmission or otherwise shall:

      A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Defendants except upon written instructions from the Receiver;

      B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

      C.    Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of

8

business on the date of receipt of the notice; and,

D.  Cooperate expeditiously in providing additional information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V.
## Access to Real and Personal Property

18.  The Receiver is authorized to take immediate possession of all personal property of the Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, equipment, vehicles and other assets.

19.  The Receiver is authorized to take immediate possession of all real property of the Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

20.  The Receiver shall use her best efforts to determine whether any of Defendant Schmidt's real or personal property was acquired by him using funds other than the proceeds of the alleged fraud.  The Receiver shall seize and maintain any such property, but shall not dispose of such property absent further order from the Court authorizing the proposed disposition.

21.  If the Receiver determines that any of the personal property of which she has

9

taken possession, custody, or control is the property of a non-defendant and, in her judgment, is either not recoverable for the Receivership Estate, for example because it was not acquired with proceeds of the alleged fraud, or is not in the best interest of the Receivership Estate to attempt to recover, for example where the cost of recovering or maintaining the property would outweigh the benefit to the Receivership Estate, the Receiver may return that property to the non-defendant.

22.      In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Defendants, or any other person acting or purporting to act on their behalf, are ordered to turn over all keys to the Receiver and not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

23.      Subject to the limitations delineated below, the Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Defendants, and locations paid for by Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order. If the Receiver obtains mail addressed to Mr. Schmidt that appears on the face of the envelope or package to be from an attorney, the Receiver shall not open the mail, and shall use her best efforts to contact the attorney. If the Receiver determines that such mail was intended for Defendant Schmidt in his personal capacity, the Receiver shall return it to the sender. If the Receiver determines that such mail was sent to Defendant Schmidt as an officer of one or more of the Receivership Defendants, the Receiver may open the mail. If the Receiver is unable to contact the sender to determine this information, she shall seize and maintain the mail and submit it to the Court for an *in camera* review. If the Receiver receives mail that, on its face, is

10

addressed to Mr. Schmidt in his personal capacity and appears from the face of envelope or

package to be from a friend or relative, the Receiver shall not open the mail, but shall seize and

maintain it and submit it to the Court for an *in camera* review to determine whether it is relevant

to these proceedings. In the event the Receiver opens mail because, for example, there is no

indication on the face of the envelope or package regarding the sender, and after opening the

mail determines that it is directed to Mr. Schmidt in his personal capacity and not germane to the

lawsuit, the Receiver shall return the mail to the sender. However, the Receiver need not return

mail that is directed to Defendant Schmidt, but not personal in nature, including but not limited

to items such as magazines, advertisements, solicitations, and catalogs, and may dispose of them

in a manner she deems appropriate.

      24.     Upon the request of the Receiver, the United States Marshal Service, in any

judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take

possession, custody and control of, or identify the location of, any assets, records or other

materials belonging to the Receivership Estate.

## VI.
### Notice to Third Parties

      25.     The Receiver shall promptly give notice of her appointment to all known officers,

directors, agents, employees, shareholders, creditors, debtors, managers and general and limited

partners, and managing members and members, of the Receivership Defendants, as the Receiver

deems necessary or advisable to effectuate the operation of the Receivership, at their last known

address and/or through other means designed to provide notice.

      26.     All persons and entities owing any obligation, payment, debt, or distribution with

respect to an ownership interest to any Receivership Defendant shall, until further Order of this

Court, pay all such obligations in accordance with the terms thereof to the Receiver and its

11

receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

27.     In furtherance of her responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate or the Receivership Defendants. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

28.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Defendants and all mail directed to or received by or at the offices or post office boxes of the Defendants, and locations paid for by Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of Defendant Schmidt, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver or returned to sender by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Defendants. The Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

12

29.     Subject to payment for services provided, any entity furnishing water, electric,

telephone, sewage, garbage or trash removal services to the Defendants shall maintain such

service and transfer any such accounts to the Receiver unless instructed to the contrary by the

Receiver; provided, however, any pre-Receivership expense will be subject to a claims resolution

procedure.

30.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under

any insurance policy held by or issued on behalf of the Defendants, or their officers, directors,

agents, employees or trustees, and to take any and all appropriate steps in connection with such

policies.

## VII.
## Injunction Against Interference with Receiver

31.     The Defendants and all persons receiving notice of this Order by personal service,

facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any

action or causing any action to be taken, without the express written agreement of the Receiver,

which would:

A.      Interfere with the Receiver's efforts to take control, possession, or
        management of any Receivership Assets; such prohibited actions include
        but are not limited to, using self-help or executing or issuing or causing
        the execution or issuance of any court attachment, subpoena, replevin,
        execution, or other process for the purpose of impounding or taking
        possession of or interfering with or creating or enforcing a lien upon any
        Receivership Assets;

B.      Hinder, obstruct or otherwise interfere with the Receiver in the
        performance of her duties; such prohibited actions include but are not
        limited to, concealing, destroying or altering records or information;

C.      Dissipate or otherwise diminish the value of any Receivership Assets;
        such prohibited actions include but are not limited to, releasing claims or
        disposing, transferring, exchanging, assigning or in any way conveying
        any Receivership Assets, enforcing judgments, assessments or claims
        against any Receivership Assets or any Defendant, attempting to modify,
        cancel, terminate, call, extinguish, revoke or accelerate (the due date), of

13

any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Defendant or which otherwise affects any Receivership Assets; or,

D.      Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

32.      The Receivership Defendants shall cooperate with and assist the Receiver in the performance of her duties.

33.      The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII.
## Stay of Litigation

34.      As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any Receivership Assets, wherever located; (c) any of the Defendants, including subsidiaries and partnerships; or, (d) any of the Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

35.      The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

36.      All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is

14

tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX.
## Managing Assets

37.     For the Receivership Estate, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Assets.

38.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of FutureGen Company, et al." together with the name of the action.

39.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Assets, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Assets, and report such disposition in the next Receiver's Report.

40.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

41.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

42.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Defendants, including making legally required

15

payments to creditors, employees, and agents of the Receivership Estate and communicating
with vendors, investors, governmental and regulatory authorities, and others, as appropriate.
Any debts or amounts owed by Defendants that pre-date June 16, 2014, including for services
rendered before that date, shall not be paid absent order of the Court. The Receiver will consult
with the SEC and recommend a claims procedure to the Court at the appropriate time, stake
holders will have an opportunity to comment on the proposed claims procedure.

      43.     The Receiver shall take all necessary steps to enable this Receivership Estate to
obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section
468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed,
temporary or final, or pronouncements thereunder, including the filing of the elections and
statements contemplated by those provisions. The Receiver shall be designated the administrator
of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the
administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a)
obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local
tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or
withholding requirements imposed on distributions from the Settlement Fund. The Receiver
shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the
Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendants shall cooperate
with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2].

## X.
## Investigate and Prosecute Claims

      44.     Subject to the requirement, in Section VII above, that leave of this Court is
required to resume or commence certain litigation, the Receiver is authorized, empowered and
directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise,

16

and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Assets.

45.     Subject to her obligation to expend Receivership Assets in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  The Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

46.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all Receivership Defendants.

47.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, her Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI.
## Bankruptcy Filing

48.     After giving prior notice to counsel for the Commission, the Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants.  If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate

17

some or all of the Receivership Defendants as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all entity Receivership Defendants and may therefore file and manage a Chapter 11 petition.

49.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XII.
## Liability of Receiver

50.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

51.     The Receiver and her agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

52.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

53.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such

18

instructions as the Court may provide.

## XIII.
## Recommendations and Reports

54.   The Receiver is authorized, empowered and directed to develop a plan for the fair,
reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable
Receivership Assets (the "Liquidation Plan").

55.   Within ninety (120) days of the entry date of this Order, the Receiver shall file the
Liquidation Plan in the above-captioned action, with service copies to counsel of record.

56.   Within thirty (30) days after the end of each calendar quarter, the Receiver shall
file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status
Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the
report) the existence, value, and location of all Receivership Assets, actions undertaken in the
reporting period, and of the extent of liabilities, both those claimed to exist by others and those
the Receiver believes to be legal obligations of the Receivership Estate.

57.   The Quarterly Status Report shall contain the following:

   A.   A summary of the operations of the Receiver;

   B.   The amount of cash on hand, the amount and nature of accrued
        administrative expenses, and the amount of unencumbered funds in the
        estate;

   C.   A schedule of all the Receiver's receipts and disbursements (attached as
        Exhibit A to the Quarterly Status Report), with one column for the
        quarterly period covered and a second column for the entire duration of
        the receivership;

   D.   A description of all known Receivership Assets, including approximate or
        actual valuations, anticipated or proposed dispositions, and reasons for
        retaining assets where no disposition is intended;

   E.   A description of liquidated and unliquidated claims held by the
        Receivership Estate, including the need for forensic and/or investigatory

19

resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments); to the extent the Receiver determines that the information called for by this subpart pertains to litigation strategy and/or assessment of the strengths and weaknesses of potential claims or defenses, the Receiver may redact such information from the public filing and shall provide the Court and SEC with unredacted versions;

F.     A list of all known investors and the balances in their accounts;

G.     The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.     The Receiver's recommendations for a continuation or discontinuation of the Receivership and the reasons for the recommendations.

58.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV.
## Fees, Expenses and Accountings

59.     Subject to Paragraphs 58 – 64 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes that may become due during the receivership.

60.     Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist her in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

61.     The Receiver and Retained Personnel are entitled to reasonable compensation and

20

expense reimbursement from the Receivership Estate as described in the "Billing Instructions for

Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the

"Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior

approval of the Court.

62.     Within forty-five (45) days after the end of each calendar quarter, the Receiver

and Retained Personnel shall apply to the Court for compensation and expense reimbursement

from the Receivership Estate (the "Quarterly Fee Applications"). At least thirty (30) days prior to

filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC

a complete copy of the proposed Application, together with all exhibits and relevant billing

information in a format to be provided by SEC staff.

63.     All Quarterly Fee Applications will be interim and will be subject to cost benefit

and final reviews at the close of the receivership. At the close of the receivership, the Receiver

will file a final fee application, describing in detail the costs and benefits associated with all

litigation and other actions pursued by the Receiver during the course of the receivership.

64.     Quarterly Fee Applications will be subject to a holdback in the amount of 20% of

the amount of fees and expenses for each application filed with the Court. The total amounts

held back during the course of the receivership will be paid out at the discretion of the Court as

part of the final fee application submitted at the close of the receivership.

65.     Each Quarterly Fee Application shall:

> A.     Comply with the terms of the Billing Instructions agreed to by the
> Receiver and Retained Personnel; and,
>
> B.     Contain representations (in addition to any Certifications required by the
> Billing Instructions) that: (i) the fees and expenses included therein were
> incurred in the best interests of the Receivership Estate; and, (ii) with the
> exception of the Billing Instructions, or as otherwise Ordered by the
> Court, the Receiver has not entered into any agreement, written or oral,

21

> express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof; to the extent the Receiver determines that the information called for by this subpart pertains to litigation strategy and assessment of the strengths and weaknesses of potential claims, the Receiver may redact such information from the public filing and shall provide the Court and SEC with unredacted versions.

66.    At the close of the Receivership, the Receiver shall submit a Final Accounting, in

a format to be provided by SEC staff, as well as the Receiver's final application for

compensation and expense reimbursement.

### XV.
### Receiver's Fees and Counsel's Fees

67.    The Court approves the following hourly rates for work performed in connection

with the Receivership by the Receiver and others at CliffordLarsonAllen at her direction

according to the following schedule:

#### Receiver and Forensic Fees:

| | |
|---|---|
| Receiver | $425 |
| Other CLA Principals | $350 - 400 |
| Director | $300 - 350 |
| Manager | $250 |
| Senior Associate | $200 |
| Associate | $100 |
| Paraprofessional | $90 |

68.    The Court finds that these rates are reasonable for the experience of the

individuals performing the work and in light of the complexity of the work performed and are

consistent with the rates charged for similarly complex work done by other, similarly

experienced professionals in this geographic region.

69.    Receiver and forensic team's fees for professional services and expenses will be

reported to the Court and SEC with a 20% holdback.

70.    The Court approves the Receiver's use of Whiteford, Taylor & Preston, LLP as

22

counsel to the Receiver in this matter. The Court approves the following hourly rates for work performed by counsel and others at the Firm at the Receiver's direction in this matter according to the following schedule:

**Counsel's Fees**

| | |
|---|---|
| Partner | $400 |
| Associate | $250 |
| Paraprofessional | $210 |

71.     The Court finds that these rates are reasonable for the experience of the individuals performing the work and in light of the complexity of the work performed and are consistent with the rates charged for similarly complex work done by other, similarly experienced professionals in this geographic region.

72.     Whiteford, Taylor & Preston's fees for professional services and expenses will be reported to the Court and SEC with a 20% holdback.

### XVI

**IT IS FURTHER ORDERED THAT** this Order shall remain in effect unless and until modified by further Order of this Court, and that the Court shall retain exclusive jurisdiction of the within proceedings for all purposes.

**IT IS SO ORDERED, this** _3rd_ **day of** _July_ **, 2014**

Christopher R. Cooper
United States District Judge

23